UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILKENS ISMA,

          Plaintiff,

v.

BROWARD WATER CONSULTANTS, INC.,
JOEL J. BROW and DANIELLE M. BROW,

          Defendants.

_____/

## C O M P L A I N T

Plaintiff, WILKENS ISMA, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, BROWARD WATER CONSULTANTS, INC., and JOEL J. BROW and DANIELLE M. BROW, and alleges as follows:

1.     Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2.     Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3.     The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.     At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5.     At all times material hereto, BROWARD WATER CONSULTANTS, INC. was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6.      At all times material hereto BROWARD WATER CONSULTANTS, INC.  had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

7.      At all times material hereto, BROWARD WATER CONSULTANTS, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8.      At all times material hereto, JOEL J. BROW and DANIELLE M. BROW were Plaintiff's employer as defined by law.  JOEL J. BROW and DANIELLE M. BROW had operational control over BROWARD WATER CONSULTANTS, INC. and are directly involved in decisions affecting employee compensation and hours worked by employees.  Moreover, JOEL J. BROW and DANIELLE M. BROW controlled the finances for BROWARD WATER CONSULTANTS, INC.

9.       At all times material hereto, Plaintiff was individually engaged in interstate commerce while working for Defendants.

<u>COUNT I: FLSA RECOVERY OF OVERTIME WAGES</u>

10.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11.      Plaintiff worked for Defendants from approximately July 29, 2017 to February 26, 2019.

12.      Plaintiff worked for Defendants as an Installer/ Technician.

13.      Plaintiff's primary duties and responsibilities included installing water softener equipment for Defendants' customers.

14.      Plaintiff was paid based on the items that he installed for Defendants' customers

2

based on Defendants' Pay Plans for the Installers.

15.     Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

16.     During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

17.     Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

18.     Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

19.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

20.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES
## COLLECTIVE ACTION COUNT

21.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

22.     Plaintiff worked for Defendants from approximately July 29, 2017 to February 26, 2019.

23.     Plaintiff worked for Defendants as an Installer/ Technician.

24.     Plaintiff's primary duties and responsibilities included installing water softener

equipment for Defendants' customers.

25.     Plaintiff was paid based on the items that he installed for Defendants' customers based on Defendants' Pay Plans for the Installers.

26.     Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

27.     During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

28.     Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

29.     Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

30.     Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

31.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

32.     Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and

demands a trial by jury for all issues so triable.

COUNT III: BREACH OF CONTRACT

33.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

34.     Plaintiff worked for Defendants from approximately July 29, 2017 to February 26, 2019.

35.     Plaintiff worked for Defendants as an Installer/ Technician.

36.     Plaintiff's primary duties and responsibilities included installing water softener equipment for Defendants' customers.

37.     Plaintiff was paid based on the items that he installed for Defendants' customers based on Defendants' Pay Plans for the Installers.

38.     Plaintiff and BROWARD WATER CONSULTANTS, INC. entered into an agreement whereby Plaintiff was to be compensated based on Defendants' Pay Plan for the Installers.

39.     During one or more workweeks, BROWARD WATER CONSULTANTS, INC. did not pay Plaintiff the full wages owed in violation of the agreement.

40.     Plaintiff was unlawfully denied the full wages owed in violation of the agreement.

41.     By reason of the unlawful acts of BROWARD WATER CONSULTANTS, INC., Plaintiff has suffered damages and will continue to incur costs and attorneys' fees.

42.     Plaintiff is entitled to reimbursement for all attorney's fees and costs pursuant to Florida Statutes, §448.08.

43.     Jurisdiction is conferred on this Court by 28 U.S.C. §1367.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages,

attorney's fees and costs and demands a trial by jury for all issues so triable.

COUNT IV: FLSA RETALIATION

44.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

45.     Plaintiff worked for Defendants from approximately July 29, 2017 to February 26, 2019.

46.     Plaintiff worked for Defendants as an Installer/ Technician.

47.     Plaintiff's primary duties and responsibilities included installing water softener equipment for Defendants' customers.

48.     Plaintiff was paid based on the items that he installed for Defendants' customers based on Defendants' Pay Plans for the Installers.

49.     Plaintiff was qualified for Plaintiff's position with Defendants.

50.     Defendants took adverse action against and discriminated against Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA.  29 U.S.C. §201, *et seq.*

51.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a

trial by jury for all issues so triable.

COUNT V: CIVIL THEFT

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

53.     Without the consent or agreement of Plaintiff, Defendants retained and/or took, without authority, the tools and equipment of Plaintiff (including power tools).

54.     The taking of the tools and equipment constitutes civil theft.

55.     Defendants took the tools and equipment and have permanently divested Plaintiff of the same.

56.     Plaintiff has been damaged by Defendants' act of taking, without authority, consent or permission, the tools and equipment.

57.     Plaintiff seeks an award of attorney's fees, damages, costs and any interest for Defendants' unlawful taking.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Enter a judgment in favor of Plaintiff and against Defendants for damages to Plaintiff plus incidental damages, in such amount as is proved at trial, together with interest thereon; and

B.      Award Plaintiff the reasonable attorneys' fees, expenses, and court costs incurred in bringing this action; and grant to Plaintiff such further relief this Court deems appropriate.

COUNT VIII: REPLEVIN

58.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

7

59.     Without the consent or agreement of Plaintiff, Defendants took or retained, without authority, the tools and equipment of Plaintiff (including power tools).

60.     Plaintiff demands the return of the tools and equipment.

61.     Pursuant to Chapter 78 of the Florida Statute, Plaintiff is entitled to damages it sustained as a result of the wrongful taking or detention.

62.     Plaintiff has been damaged by Defendants' act of taking, without authority, consent or permission, the tools and equipment.

63.     Plaintiff seeks an award of attorney's fees, damages, costs and any interest for Defendants' unlawful taking.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Enter a judgment in favor of Plaintiff and against Defendants for damages to Plaintiff plus incidental damages, in such amount as is proved at trial, together with interest thereon; and

B.      Award Plaintiff the reasonable attorneys' fees, expenses, and court costs incurred in bringing this action; and grant to Plaintiff such further relief this Court deems appropriate.

<u>TRIAL BY JURY</u>

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, WILKENS ISMA, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
WILKENS ISMA, as Plaintiff

06 / 20 / 19
_____
DATE


Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone №.: (954) 530-2236
Facsimile №.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:    /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365